**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CENTRAL LABORERS' PENSION FUND,                                )
SOUTHERN ILLINOIS LABORERS' WELFARE FUND,       )
SOUTHERN ILLINOIS LABORERS' ANNUITY FUND,        )
ILLINOIS LABORERS AND CONTRACTORS JOINT          )
  APPRENTICESHIP & TRAINING TRUST FUND,              )
SOUTHERN ILLINOIS LABORERS-EMPLOYERS              )
  COOPERATION AND EDUCATION TRUST,                    )
SOUTHERN ILLINOIS LABORERS' POLITICAL LEAGUE,  )
SOUTHERN ILLINOIS LABORERS' WORK DUES FUND,    )
SOUTHERN & CENTRAL ILLINOIS VACATION FUND,       )
ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS     )
 INDUSTRY ADVANCEMENT FUND,                              )
                                            )
                 Plaintiff(s),                             )
     v.                                                              )          **26-Cv-7582**
                                            )
PLOTE CONSTRUCTION INC.,                                       )
an Illinois corporation,                                               )
                                            )
               Defendant(s).                         )

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund, Southern Illinois Laborers' Welfare Fund, Southern Illinois Laborers' Annuity Fund, Illinois Laborers and Contractors Joint Apprenticeship & Training Trust Fund, Southern Illinois Laborers-Employers Cooperation and Education Trust, Southern Illinois Laborers' Political League, Southern Illinois Laborers' Work Dues Fund, Southern & Central Illinois Vacation Fund, Associated General Contractors of Illinois Industry Advancement Fund (collectively "Plaintiff Funds"), by their attorneys, complain against Defendant PLOTE CONSTRUCTION INC., as follows:

**COUNT I**
against
PLOTE CONSTRUCTION INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1.      This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2.      Plaintiff Funds are multiemployer pension funds, welfare funds, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, specific employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3.      Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4.      Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the other Plaintiff Funds with respect to fringe benefit contributions.

5.      PLOTE CONSTRUCTION INC. is an Illinois corporation doing business in (and with its principal place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). PLOTE CONSTRUCTION INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. PLOTE CONSTRUCTION INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. No party has terminated the collective bargaining agreements and they remain in effect. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), PLOTE CONSTRUCTION INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8. PLOTE CONSTRUCTION INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. No party has terminated the participation agreements and they remain in effect. Copies of such participation agreements are attached as *Exhibit B*.

9. By virtue of certain provisions contained in the participation agreement(s), PLOTE CONSTRUCTION INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10. PLOTE CONSTRUCTION INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. PLOTE CONSTRUCTION INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12.     PLOTE CONSTRUCTION INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13.     Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, PLOTE CONSTRUCTION INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be paid at the hourly rates indicated in the collective bargaining agreement and participation agreements.  Under the terms of the agreements, PLOTE CONSTRUCTION INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14.     The Central Laborers' Pension Fund conducted a payroll compliance audit of PLOTE CONSTRUCTION INC. for the period September 1, 2022 through July 31, 2024.  The audit showed that ALLIANCE DEMOLITION & EXCAVATION SERVICES INC. failed and refused to pay all contributions and work dues in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreement.  The unpaid amounts total not less than the following:

Audit liabilities due (September 1, 2022 through July 31, 2024): $225,613.26

**Total:** **$225,613.26**

15.     As a result of reviews of certain payments and negotiations, the audit claim amount has been adjusted by the following credits:

4

Audit liabilities due (September 1, 2022 through July 31, 2024): $225,613.26
Credit (Payment 12/2024): ($44,179.36)
Credit (SILEHW adjustment): ($3,562.46)
Credit (Social Security Number correction): ($1,033.23)

**Total:** **$176,838.21**

16. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month following the month for which the contributions are due (or a minimum of $25.00). ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

17. Because contributions were not paid when due, PLOTE CONSTRUCTION INC. incurred a 10% (or a minimum of $25.00) penalty assessment in accordance with the participation agreements and trust agreements totaling not less than the following:

Penalty Assessments for a*djusted* audit liabilities due: $17,683.82

**Total:** **$17,683.82**

18. Audit costs, for which PLOTE CONSTRUCTION INC. is liable in accordance with the trust agreements, total not less than $**4,511.04**.

19. The total amount owed by PLOTE CONSTRUCTION INC. to Plaintiff Funds is not less than **$196,638.24**, consisting of: not less than $176,838.21 in audited delinquent and unpaid contributions (reference ¶¶ 14-15 above), not less than $17,683.82 in late payment penalty assessments (reference ¶ 17 above); not less than $4,511.04 in audit costs (reference ¶ 18 above), and less an additional credit in the amount of $2,394.83.

20. PLOTE CONSTRUCTION INC. has failed and refused to pay the amount of **$196,638.24** known to be due to Plaintiff Funds.

5

21.     Plaintiffs have been required to employ auditors and the undersigned attorneys to identify and pursue collection of the amount due from PLOTE CONSTRUCTION INC.

22.     ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant."  The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

23.     ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against PLOTE CONSTRUCTION INC. in favor of Plaintiffs.

B.     Order PLOTE CONSTRUCTION INC. to pay Plaintiff Funds not less than $196,638.24, plus any additional amount shown to be due.

C.     Order PLOTE CONSTRUCTION INC. to pay interest, costs, and reasonable attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D.     Order PLOTE CONSTRUCTION INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

E.     Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, et al.

By:   /s/ *Richard A. Toth*
        One of their attorneys

6

GEORGES & SYNOWIECKI, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

JUL 18 '01 09:31AM LABORERS LOCAL 32

7.    The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8.    This Agreement shall remain in full force and effect through April 30, 2003, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations.  The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures.  The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this ___19___ day of ___July___, 2001.

ACCEPTED:

LABORERS' LOCAL UNION NO. __32__

BY: _____
       (Business Manager)

NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _____
       (Business Manager)

Plote Construction Inc.
_____
       (Contractor Name)

BY: _____
       (Name & Title)

Raymond E. Plote, President

1100 Brandt Drive
_____
       (Address)

Elgin, IL 60120-1693
_____
       (City, State & Zip Code)

(847) 695-9300
_____
       (Telephone Number)

(847) 695-7251
_____
       (Facsimile Number)

███████████
_____
       (Federal Employer Identification Number)



AUG 2001 RECEIVED





**EXHIBIT A**

P.1/1

2023-03-26 09:11 MDT -                                              +16186432822        PAGE 2/2

3831

By signing this Memorandum of Agreement which has negotiated by and between the Associated General Contractors of Illinois, Egyptian Contractors Association, Inc., Southern Illinois Builders Association (collectively "Employer Associations") and the Southern & Central Illinois District Council on behalf of its affiliated Local Unions, including Laborers' Local 773 and Laborers' Local 1197 (collectively "Union") the undersigned employer agrees to abide by all the Articles, stipulations, and fringe benefits contained herein through Local #773 and Local #1197. By signing this Memorandum of Agreement, the undersigned Employer also agrees to be bound by the terms and conditions of any, amendments, extensions, or changes in this Agreement that are agreed upon by the Union and the Employer Associations. Additionally, the undersigned Employer agrees to be bound by the terms and conditions of all subsequent and successor agreements to this Agreement negotiated between the Union and the Employer Associations, unless the undersigned Employer notifies the Union in writing of its desire to terminate this Agreement or any subsequent agreement at least ninety (90) days but not more than one hundred twenty (120) days prior to the expiration of the respective agreement, further, said individual contractor agrees that notice served by the Union upon the Employer Associations and Mediation Service for reopening and termination or commencement of negotiations shall constitute appropriate notice upon and covering the individual contractor signatory hereto for all purposes. In no event shall the Associations have an obligation to independently notify individual contractors.

**FOR THE COMPANY:**

Company Name: Plote Construction Inc.

Company Address: 1100 Brandt Drive

Street Address and/or PO Box _____

City Hoffman Estates   State IL   Zip Code 60192

Telephone Number: 847-628-6100

Email Address: jweishaar@plote.com

Signed By: _____ Date: 3-14-23

Printed Name and Title:

Joseph J Weishaar   Executive VP Operations

**FOR THE UNION:**

The Southern and Central Illinois Laborers' District Council:

_____

Matthew E. Smith Deputy Director

_____

Witnessing Union Agent and Title

Date: 3-14-23          Title: Pres/

Field Rep

46                                          47

MAR 2 0 2023



**Plote Construction Inc.**

jweishaar@plote.com

**JOE WEISHAAR**
EXECUTIVE VICE PRESIDENT
OPERATIONS

1100 BRANDT DRIVE
HOFFMAN ESTATES, IL 60192
Office: 847-695-9300
Direct: 847-628-6100
Cell: 847-460-2000
www.plote.com

JUL 18 '01  09:27AM LABORERS LOCAL 32                    H        P.2/10

3831                                                        # 40-109

# PARTICIPATION AGREEMENT

Plote Construction Inc.

1.  This Participation Agreement is entered into between _____ Plote Construction Inc. _____ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2.  The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3.  The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | |
|---|---|
| 3.00 per hour to Central Laborers' Pension Fund | .28 per hour to Industry Advancement Fund |
| 2.80 per hour to Central Laborers' Welfare Fund | 3% Working Dues (% ~~xxxxxxxxxxxxx~~) |
| 3.50 per hour to ~~xxxxxxxxxxxxx~~ Annuity Fund | .10 P/HR. LECT |
| .30 per hour to Illinois Laborers' and Contractors' Training Trust Fund | .03 P/HR. Other ORGANIZATIONAL FUND |
| .05 P/HR. MRFFC | .03 P/HR. Other MARKET PROMOTION |
| | 1.05 P/HR. TO VACATION FUND |

4.  The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5.  For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6.  If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7.  The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8.  The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

EMPLOYER                                        CENTRAL LABORERS' FUNDS

Plote Construction Inc.

Name of Business
1100 Brandt Drive                               Authorized Signature
Address                                         Executive Administrator
Elgin, IL 60120                                 Title
City/State/Zip Code
(847) 695-9300                                  UNION
Telephone                                       Territory in which Agreement signed: Local _____ 32 (ZONE 2)

Authorized Signature
President                                       Authorized Signature
Title                                           BUS. MGR./SEC. TRES.
07/19/01                                        Title
Date                                            7/26/01
                                                Date

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

EXHIBIT
B